**VAN DRIVERS UNION LOCAL NO. 392, et al., Plaintiffs,**

v.

**NEAL MOVING & STORAGE, Defendant.**

Civ. A. No. C 82–1006.

United States District Court,
N.D. Ohio, E.D.

Nov. 19, 1982.

Steven M. Ott, Cleveland, Ohio, for plaintiffs.

Garry B. Schwartz, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

The Court having entered a Rule 58 order in this case on July 30, 1982, adopts the following findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

---

**2.** Plaintiffs also point to the Virgin Islands Compulsory Automobile Liability Insurance Act, 20 V.I.C. §§ 701–716 as a basis for their claim. Although the statute does require that all operators of motor vehicles carry minimum insurance coverage, nothing therein can be read as authorizing a direct cause of action against an insurance carrier based on the failure of its insured to respond to the claim of an injured third party or to otherwise comply with its obligations under the insurance policy. *See, e.g., Lewis v. The Home Insurance Company, supra* at 927.

Pending before this Court is plaintiffs' Motion for a Preliminary Injunction requiring defendant to pay the sums due the plaintiffs' Fund and Union under a collective bargaining agreement, plus 8% interest per annum; a Permanent Injunction requiring defendant to make payments to the Fund and the Union as they become due; and attorney's fees and costs. Upon consideration, the Motion is granted. Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, there being no additional questions of material fact remaining to litigate, judgment is hereby entered for the plaintiffs.

Plaintiffs are Van Drivers, Furniture Warehousemen Handlers, T.V.—Radio—Appliance Air Condition Servicemen and Piano Movers, Local Union No. 392 ("Van Drivers Union") and Van Drivers, Furniture Warehousemen Handlers, T.V.—Radio—Appliance Air Condition Servicemen and Piano Movers, Local No. 392 Health and Welfare Fund ("Van Drivers Fund"). Defendant is employer Neal Moving & Storage ("Neal"). ·

Jurisdiction is predicated on Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132 and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

The Van Drivers Union and the Van Drivers Fund allege that Neal has violated the collective bargaining agreement between Neal and plaintiffs in that Neal 1) is delinquent in its contributions to the Van Drivers Fund; and 2) has failed to pay to the Van Drivers Union those dues which have been withheld from its employees' pay.

The Van Drivers Fund has submitted affidavits and attached records of Thomas Cooper, one of the Fund's trustees, as evidence of Neal's failure to make contributions to the Fund. The Van Drivers Fund has also submitted a letter from a prior insurance carrier which states that if all medical claims are not submitted to the carrier by July 31, 1982 the claims will be forever barred. The Van Drivers Fund has not submitted the claims for employees' or their dependents' expenses during the months for which Neal has been delinquent in its contributions to the Van Drivers Fund, nor has the Fund paid those claims, averring that the Van Drivers Fund will not be reimbursed by the insurance carrier.

Plaintiffs have also submitted the affidavit of George McFall, one of Neal's employees, which states that he will be subjected to personal liability for past claims not yet paid because of Neal's failure to contribute. McFall has also been threatened with legal action by Falls Surgical Group, Inc. for payment of his wife's doctor's bills.

Plaintiffs have presented affirmative, specific, factual proof of the indebtedness of Neal to the Van Drivers Fund and to the Van Drivers Union. Defendant Neal has not disputed these facts. Nor has Neal raised any affirmative defenses. Therefore, this Court makes the following findings of facts and conclusions of law:

### FINDINGS OF FACT

Van Drivers Fund is a trust established pursuant to an agreement entered into by and between Van Drivers Fund and Neal Moving and Storage. The Fund is intended to provide health care protection to certain of the employees of Neal who is bound by the trust agreement establishing the Van Drivers Fund. The Fund is an employee benefit plan within the meaning of Section 3(3) and 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(3) and 29 U.S.C. § 1132. The trustees of the Fund are the fiduciaries of such Fund within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(21)(A). Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132, the trustees are authorized to bring this action on behalf of the Health Fund.

Defendant Neal Moving and Storage is an employer in an industry affecting commerce as provided in Section 3(12) of ERISA, 29 U.S.C. § 1002(12) and the Labor Management Relations Act of 1947, and a party in interest as defined in Section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

The Van Drivers Union and Neal entered into a collective bargaining agreement on June 3, 1979. Pursuant to Article IB of this agreement, Neal agreed to deduct union dues from its employees' pay and to remit same to the Van Drivers Union. Pursuant to Article XIV of this agreement, Neal agreed to pay into the Fund a minimum of $27.00 per week for each eligible employee.

Since January of 1982 Neal has failed to comply with Article IB of the collective bargaining agreement in that Neal has deducted union dues from the members' wages but has failed to remit same to the Van Drivers Union. Since October of 1981 Neal has failed to comply with the terms of Article XIV of the collective bargaining agreement in that it has been delinquent in its contributions to the Van Drivers Fund. Neal has also failed to submit all the verifying, monthly contribution reports.

Due to Neal's delinquencies in contributions, the Fund has been unable to pay insurance premiums. As a result, the insurance carrier will not reimburse the Fund if the Fund pays employees' medical claims. The insurance carrier has given the Fund until July 31, 1982 to submit all claims. If these claims are not submitted by July 31, 1982, the employees will become personally liable for them. Due to Neal's delinquencies, the Fund is unable to discharge its fiduciary duties.

George McFall is one of Neal's employees who has unpaid medical claims which should have been provided for by Neal's contributions. Because of Neal's delinquencies, McFall will suffer personal liability for the medical claims. McFall has received notices from collection agencies and threats of legal action if his claims are not promptly paid.

On two other occasions in the last three years, Neal has been delinquent in its contributions to the Van Drivers Fund, requiring the filing of two previous lawsuits. These lawsuits were each settled out of court, and were followed by Neal's continued failure to contribute until the filing of yet another lawsuit.

## CONCLUSIONS OF LAW

Defendant employer, Neal Moving and Storage, is bound by the terms of the collective bargaining agreement which requires it to withhold union dues from its employees' pay and to remit same to the Van Drivers Union. Neal is also required to make periodic payments to the plaintiff Van Drivers Fund pursuant to Article XIV of the agreement.

The standards for issuing a preliminary injunction are clear in this Circuit. Plaintiff must demonstrate that it has a substantial likelihood of prevailing on the merits; that it will suffer irreparable injury if the relief is not granted; that there will be no substantial harm to others if the relief is granted; and that the public interest will be served by the issuance of the injunction. *Mason County Medical Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977) citing *Adams v. Federal Express Corp.,* 547 F.2d 319 (6th Cir.1976); *Cincinnati Electronics Corp. v. Kleppe,* 509 F.2d 1080 (6th Cir.1975); *North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Authority,* 464 F.2d 486 (6th Cir.1972). Moreover, a balancing of traditional equitable considerations is required, rather than a mechanical application of the four-part test. *Roth v. Bank of the Commonwealth,* 583 F.2d 527 (6th Cir.1978), citing *Metropolitan Detroit Plumbing and Mechanical Contractor Association v. HEW,* 418 F.Supp. 585 (E.D.Mich.1976). When balancing these interests, the primary prerequisites for the issuance of an injunction are: 1) that plaintiff's threatened injury be irreparable; and 2) that public policy will not be offended by the issuance of the injunction. *Laborers Fringe Benefit Funds—Detroit and Vicinity v. Northwest Concrete and Construction,* 640 F.2d 1350 (6th Cir.1981).

In light of the undisputed findings of material fact, this Court finds that the Van Drivers Union and the Van Drivers Fund not only are likely to succeed on the merits; they are clearly entitled to judgment as a matter of law. This Court further finds that an injunction is appropriate in this case

not only because plaintiffs have satisfied the requirements for issuance of an injunction, but also because the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* specifically provides equitable remedies for nonpayment of contributions to a Fund when such payments are required under a collective bargaining agreement. *Id.* In weighing the equitable considerations for the issuance of an injunction and considering first the matter of public policy, this court looks to the language of ERISA wherein "Congress finds ... that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest..." 29 U.S.C. § 1001(a). In *Central States Southeast and Southwest Areas Pension Fund v. Hitchings Trucking, Inc.,* 472 F.Supp. 1243, (E.D.Mich.1979), the court noted that ERISA was intended to stabilize the rights and liabilities of pension plans established by collective bargaining. The continued stability of such a plan is precisely what is at stake in the present case. Congressional intent and public policy are important considerations which guide this Court in determining the necessity of the injunction in the instant case. It is clear that "stability and protection require assurance of adequate funding and the prevention of arbitrary termination rights." *Central States, Southeast and Southwest Areas Pension and Health & Welfare Funds v. McNamara Motor Express, Inc.,* 503 F.Supp. 96 (W.D.Mich.1980).

Neal's steadily mounting delinquencies undermine the requisite stability of the Van Drivers Fund. Therefore, it is implicit that the continued vitality and stability of the Van Drivers Fund are dependent upon this Court's ability to induce Neal to honor its obligations under the collective bargaining agreement. As further support for the proposition that an injunction in this case will best serve the public interest, this Court notes that other courts have held that § 502(a)(3) of ERISA is "unambiguous evidence of Congress' express intent to permit federal courts to issue injunctions". *Laborers Fringe, supra,* at 1352.

Plaintiffs state, and Neal does not deny, that the Van Drivers Fund has twice before filed suit against Neal for non-payment under the bargaining agreement. Although the parties settled out of court both times, threats of legal action have not induced Neal to responsibly fulfill its legal obligations. Neal's continuing bad faith conduct is just one factor which prompts this Court to conclude that plaintiffs have no adequate remedy at law. In so holding, this Court is not the first to recognize that, in some cases, employers scorn their responsibilities under this country's labor laws and ignore the mandates of the courts. The issuance of this permanent injunction is necessary therefore to insure that Neal will be subject to the full panoply of criminal sanctions should it fail to make the required payments in the future. *Laborers Fringe,* at 1350. The threat of sanctions is particularly appropriate in light of Neal's prior conduct.

Further evidence of the Van Drivers Fund's irreparable injury is the July 31, 1982 deadline imposed by its insurance carrier. Claims not submitted by the deadline will be barred forever and employees will be personally liable. Clearly, irreparable injury will result if Neal does not pay the money owed to the Van Drivers Fund by the deadline. Affidavits of George McFall, stating that medical bills submitted to the insurance carrier to date have not been paid due to Neal's delinquencies, support contentions that the Van Drivers Fund's threat of irreparable injury is real, not prospective. *See, Laborers Fringe Benefit Funds, supra.*

The possibility that the Van Drivers Fund can seek indemnity from Neal in a lawsuit for payment of medical claims does not constitute an adequate remedy at law because:

1) it requires plaintiffs to file lawsuits to force employers, such as Neal, to honor their contractual responsibilities;

2) it clogs an already congested docket; and

3) it allows Neal, and other delinquent employers, to invest, at high interest

rates, the money intended for contributions to the plaintiffs and to subsequently repay the contributions at the low interest rate of 8%.

This Court further finds that loss of investment moneys and investment opportunities constitutes further irreparable injury to the Van Drivers Fund. Neal's claim that issuance of a preliminary injunction will be substantially harmful to it because it will be forced to default on its loans is without merit. See *Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds v. McNamara Motor Express, Inc., supra.* As a result of the irreparable injury which the Van Drivers Fund and its participants will suffer and the inadequacy of any remedy at law, a denial of plaintiffs' Motion for a Preliminary Injunction and Permanent Injunction will result in far greater harm to the Van Drivers Fund than that which would be suffered by Neal should a preliminary injunction be granted.

This Court's final consideration in weighing the appropriateness of a preliminary injunction is plaintiffs' likelihood of success on the merits. Through affidavits and exhibits, plaintiffs have demonstrated a substantial likelihood of prevailing on the merits. The affidavits show that the parties' collective bargaining agreement requires Neal to deduct and remit union dues to the Van Drivers Union and further requires defendant to make periodic contributions to the Van Drivers Fund. Affidavits also show that Neal is wrongfully withholding from the Van Drivers Union the dues money deducted by Neal from its employees' wages and that defendant has not made the required contributions to the Van Drivers Fund. Neal has failed to raise affirmative defenses to plaintiffs' claims and plaintiffs are therefore entitled to judgment as a matter of law.

Upon consideration of plaintiffs' Motion, affidavits, and exhibits and because there are no disputed issues of material fact, this Court grants plaintiffs' Motion for a Preliminary Injunction enjoining defendant from violating the terms of the collective bargaining agreement and requiring the defendant to make contributions for 1) all sums due the Fund between October 1981 and the date of this judgment, plus interest from that date at 8% per annum; 2) all union dues withheld from employees' pay and due to the Union between January 1982 and the date of this judgment, plus interest from that date at 8% per annum; 3) attorneys' fees and 4) costs.

This Court also grants permanent injunctive relief directing defendant to make its required contributions to the Van Drivers Fund and its remittance of union dues withheld from employees' pay to the Van Drivers Union as they become due. Because there are no issues of material fact to be litigated, this Court, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, enters judgment for the plaintiffs and directs the plaintiffs to submit a schedule of attorneys' fees to the Court within twenty (20) days from the entry of this Order.

IT IS SO ORDERED.