**TEAMSTERS LOCAL 639–EMPLOYERS TRUST, et al., Plaintiffs,**

v.

**JONES & ARTIS CONSTRUCTION CO., Defendant.**

Civ. A. No. 86–1358.

United States District Court, District of Columbia.

July 31, 1986.

Charles R. Both, Yaablonski, Both & Edelman, Washington, D.C., for plaintiffs.

John W. Mannix, Washington, D.C., for defendant.

## MEMORANDUM OPINION

### (Granting Injunctive Relief and Awarding Attorneys' Fees)

BARRINGTON D. PARKER, Senior District Judge:

Plaintiffs, Teamsters Local 639–Employers Pension Trust ("Pension Trust") and Employers Health Trust ("Health Trust") and the Trustees of the two Trusts, bring this action pursuant to the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* against Jones & Artis Construction Co. ("Jones & Artis"). Jurisdiction and venue are conferred upon this Court. Pension Trust is an employees pension benefit plan as defined by Section 3(2)(A) of ERISA, established by members of Teamsters Local 639 for the purpose of providing retirement income to its members some of whom are Jones & Artis employees. Health Trust is an employees welfare benefit plan as defined in Section 3(1) of ERISA, established by Local 639 for the purpose of providing sickness, accident, disability, medical and related benefits to its membership, some of whom are also Jones & Artis employees. Plaintiff Trustees of the two Trusts are approved and qualified pursuant to the Teamsters Local 639–Employer Pension Trust Agreement and the Employer Health Trust Agreement. Defendant Jones & Artis employs and has employed workers who are represented by Local 639 and is an employer in an industry affecting commerce as defined under ERISA and the Labor-Management Relations Act, 29 U.S.C. §§ 152(2), 142(1) and (3).

Under the collective bargaining agreement between defendant and plaintiffs, Jones & Artis was obligated to make pension fund contribution reports for each regular employee covered by the agreement. All contributions when due were to be submitted within 15 days after the end of each calendar month. Between July 1984 and May 1986 Jones & Artis failed and refused to file the required reports and make the required contributions to the Pension Fund.

The complaint in this proceeding was filed on May 19, 1986. It was only after Jones & Artis answered the complaint and following an initial June 30th status call, that the defendant complied with ERISA and filed the required reports and paid the delinquent contributions. That sequence of events, together with a fair reading of the defendant's answer, supports a reasonable inference that defendant and its counsel were resorting to dilatory tactics. The answer, as written, strongly suggests that Jones & Artis had no substantive defense to the basic allegations of the complaint— that they had not filed the required reports and had not paid the required contributions. The effect, of course, was to burden the Court with unnecessary pleadings, unnecessary status calls of counsel, and forestall a consideration of the merits of the litigation. Indeed, the defendant's latest pleading of July 28, 1986, opposing plaintiffs' request for injunctive relief and attorneys' fees, admits that:

[A]ll of the remedies sought in this litigation have been achieved, i.e., the filing of all reports, the payment of all arrearages, the payment of all liquidated damages and the conduct of and audit of the books and employment records of the defendant,....

And as noted above, defendant complied with the long overdue ERISA requirements on the eve of the first status call. Rule 11 of the Fed.R.Civ.P. provides for sanctions against counsel and states in part:

the signature of an attorney ... constitutes a certificate by him that he has read the pleading, ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument ..., and that it is not interposed for any improper purpose, such as to ... cause unnecessary delay or a needless increase in the cost of litigation.

In this connection it is also noted that on June 7, 1983, in a proceeding filed in this Court, *Teamsters Local 639–Employers Pension Trust, et al. v. Jones & Artis Construction Co.*, Civil Action No. 83–1621, the same parties here, represented by the same counsel, were litigating a similar ERISA complaint seeking delinquent reports and contributions covering the period January 1981 through March 1982. On June 29, 1983, Jones & Artis answered the complaint. On September 22, 1983, a calendar call was held and on that same date a praecipe was filed entering the proceeding "settled and dismissed."[1]

In view of these experiences plaintiffs now seek to enjoin defendant from failing to comply with the ERISA requirements, to submit and make timely future reports and payments when due. They also seek attorneys' fees. In short, they seek prospective injunctive relief and an order minimizing and reducing the likelihood of future litigation of this sort against the defendant.

On July 17, 1986, plaintiffs filed a motion for summary judgment and injunctive relief. On July 28 the defendant opposed the application which in turn triggered a reply from the plaintiffs. In its opposition, defendant glosses over the record in this and the 1983 proceeding and the fact that Section 502(a)(3) of ERISA specifically provides for equitable remedies when there are nonpayments of required contributions. *See Laborers Fringe Benefit Funds v. Northwest Concrete & Construction, Inc.*, 640 F.2d 1350 (6th Cir.1981); *Van Drivers Union Local No. 392 v. Neal Moving & Storage*, 551 F.Supp. 429 (N.D.Ohio 1982). Section 502(g) also provides for attorneys' fees and costs.

Plaintiffs have filed appropriate pleadings and affidavits requesting attorneys' fees of $1,020.00 and costs of $20.90. The Court finds that the amount requested is fair and reasonable.

The circumstances in this proceeding clearly support the relief requested by the plaintiffs. An appropriate Order will be entered.

---

1. The July 16, 1986 declaration of Simone Ornold, administrative agent of the Local 639 Trust Funds supports the statement of defendant's counsel.