**Damon BELLANGER, Plaintiff,**

**v.**

**HEALTH PLAN OF NEVADA, INC., a Nevada corporation, sometimes doing business as Health Plan of Nevada, and Does I through X, inclusive, Defendants.**

**No. CV–S–92–020–PMP (LRL).**

United States District Court,
D. Nevada.

Sept. 23, 1992.

---

James J. Lee, John Peter Lee, Las Vegas, NV, for plaintiff.

Lynn M. Hansen, Jimmerson, Davis & Santoro, Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Pending before the Court is Plaintiff Damon Bellanger's (Bellanger) Motion for Leave to File an Amended Complaint (# 40), seeking employee benefits and declaratory and injunctive relief. Defendant Health Plan of Nevada (Health Plan) filed an opposition (# 45) on August 18, 1992, and Bellanger filed his reply (# 48) on August 28, 1992.

## FACTS

Before filing his original complaint in this Court on January 9, 1992, Plaintiff Bellanger filed an action in the Eighth Judicial District Court in Nevada on February 13, 1991. He sought relief in that court based on state law theories of breach of contract and unfair claims practices. In that complaint, Plaintiff alleged that he suffered an injury that resulted in paralysis of his right arm. Plaintiff further alleged that at the time of his injury, he was a member of Defendant's employee benefit plan, and that Defendant violated its fiduciary duty to him, and breached its obligations under a contract to provide health insurance benefits, when it refused to pay the cost of treatment Plaintiff sought and received in a California medical clinic.

The Nevada district court granted summary judgment for Defendant Health Plan, on the ground that Plaintiff's case was preempted by the federal Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff then filed a complaint in this Court, seeking relief under ERISA, citing specifically 29 U.S.C. § 1132(a), (e), and (f) (§ 502(a), (e), and (f) of ERISA).

On April 16, 1992, this Court granted Defendant's Motion to Dismiss plaintiff's claim for breach of fiduciary duty (# 24), and struck Plaintiff's jury demand (# 23).

Plaintiff's original complaint filed in this Court sought relief in the form of employee's benefits only. He now moves this Court for leave to amend his original complaint to request that this Court permanently enjoin Defendant from future ERISA violations. Plaintiff filed the Motion for Leave to Amend his complaint on August 3, 1992 (# 40), the last day for discovery as set by the Scheduling Order entered by this Court on May 4, 1992 (# 26).

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court and the Court of Appeals for the Ninth Circuit interpret this command of Rule 15(a) very liberally, in order to permit meritorious actions to go forward, despite inadequacies in the pleadings. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Schlacter–Jones v. General Telephone of California,* 936 F.2d 435 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977 (9th Cir.1981). A significant body of jurisprudence has developed in an attempt to define exactly when justice requires a court to grant leave to amend. *See Moore v. Kayport Package Express,* 885 F.2d 531 (9th Cir.1989); *Howey v. U.S.,* 481 F.2d 1187 (9th Cir.1973); *Komie v. Buehler Corp.,* 449 F.2d 644 (9th Cir.1971).

■ Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Roth v. Marquez,* 942 F.2d 617 (9th Cir.1991) (citing *DCD Programs v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). This Court considers each in turn.

■ The Court finds the record does not support Defendant's arguments that Plaintiff has acted in bad faith or dilatory motive, or with undue delay in filing the Motion for Leave to Amend.[1] The Court also finds, however, that Defendant has demonstrated prejudice if Plaintiff's Motion to Amend were granted as well as the futility of Plaintiff's proposed amendment.

■ The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice. *DCD Programs,* 833 F.2d at 186 (citing *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537 (8th Cir.1977)). Defendant claims that it would be prejudiced by a grant of leave to amend, after the close of discovery and months of litigation. Defendant states that if such leave were granted, it would need additional time to discover those facts which Plaintiff asserts led him to file his Motion to Amend the complaint. The Court finds that Defendant has met its burden of showing prejudice.

Defendant has already borne substantial litigation costs, over the course of 19 months, some of which could have been avoided had Plaintiff originally selected the correct forum in which to file his lawsuit. To subject Defendant to additional discovery and continued litigation on a new legal theory would cause undue prejudice. *See Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1161 (9th Cir.1989); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974).

■ Furthermore, leave to amend need not be granted if the proposed amended complaint would subject to dismissal. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398 (9th Cir.1990) (citing *Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir.1980)); *see also Johnson v. American Airlines,* 834 F.2d 721 (9th Cir.1987) (stating that "courts have discretion to deny leave to amend a complaint for

---

1. This Court notes that even if undue delay were present, the presence of this factor alone would be an insufficient ground for denial of leave to amend. *United States v. Webb,* 655 F.2d 977 (9th Cir.1981).

'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

■ The issue of futility in this case turns on whether Plaintiff's proposed amended complaint states a claim for which relief could be granted. The answer to this depends on whether Plaintiff could successfully seek injunctive relief on his ERISA claim.

Plaintiff cites ERISA § 502 (29 U.S.C. § 1132(a)(3)) as support for his request for equitable relief. This section permits a participant or beneficiary to bring a civil action "to enjoin any act or practice which violates any provision of this subchapter [of ERISA] or the terms of the plan." There are, however, no specific procedures under ERISA that cover the issuance of injunctions. Courts that have confronted this ambiguity have concluded that the right to injunctive relief under ERISA is to be determined based on the traditional standards that govern equity decrees. *See Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1221 (7th Cir.1989) (citing *Sheet Metal Workers' International Ass'n, Local 206 v. West Coast Sheet Metal Co.*, 660 F.Supp. 1500 (S.D.Cal.1987); *Van Drivers Union Local No. 392 v. Neal Moving & Storage*, 551 F.Supp. 429 (N.D.Ohio 1982); *Combs v. Hawk Contracting, Inc.*, 543 F.Supp. 825 (W.D.Pa.1982)). *See also Donovan v. Robbins*, 752 F.2d 1170 (7th Cir.1984).

Thus, Plaintiff, in his proposed amended complaint, must allege irreparable harm and inadequacy of legal remedies, the standards for granting equitable relief, as well as meet the usual Article III standing requirements, in order to be able to prevail on his request for an injunction.

*Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) is instructive on these issues. In *Lyons*, the Supreme Court considered whether the respondent in that case satisfied the prerequisites for seeking injunctive relief in a federal district court. Respondent Lyons had alleged that four police officers had applied a "choke hold" to Respondent, without just cause, causing damage to his larynx. Respondent sought an injunction barring the City of Los Angeles from permitting the use of such choke holds.

In discussing whether injunctive relief was appropriate, the Court stated that Respondent Lyons' standing to seek an injunction "depended on whether he was likely to suffer future injury from the use of the choke holds by the police officers." *Lyons*, 461 U.S. at 105, 103 S.Ct. at 1667. The Court concluded that because Lyons could not establish a real and immediate threat that he would again be stopped by the police who would then apply the choke hold against him, he had no standing to seek an injunction.

Plaintiff's proposed amended complaint suffers from the same defects as Lyons' complaint. In the case at bar, Plaintiff alleges that the Defendant's acts and practices which violate ERISA "are reasonably likely to continue in the future and cause further injury and damage to Plaintiff...." *See* Allegations 17 & 21 of Plaintiff's Proposed Amended Complaint (#50, exhibit 1). In order to satisfy the requirement that he be subject to a likelihood of substantial and immediate irreparable injury, Plaintiff would have to convince this Court that he is likely to be injured again in the near future, that he would then submit a claim to Defendant, who would then deny this claim in violation of ERISA, and that this denial of medical coverage would result in an injury not subject to a remedy at law. *See, e.g., Lyons*, 461 U.S. at 105–06, 103 S.Ct. at 1666–67 (discussing the unlikely series of events that would have to take place in order for Respondent to establish a case or controversy). *See also Ashcroft v. Mattis*, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977); *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

Because this series of events is unlikely, Plaintiff cannot show immediate irreparable harm. Due to this inability to allege immediate irreparable harm, Plaintiff has failed to meet the requirements for seeking equitable relief. Therefore, because Plaintiff cannot successfully seek equitable relief on this claim, his proposed amendment is futile.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Amend the Complaint (#40) is denied.

IT IS FURTHER ORDERED THAT Defendant's request for attorneys' fees is denied.