113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LEE, Plaintiff-Appellant,
v.
REGENTS OF the UNIVERSITY OF NEVADA; Dwaine Knight; Jim
Higgins, Defendants-Appellees.
 No. 96-15541.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 18, 1997.
Decided May 5, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00806-PMP/RLH; Philip M. Pro, District Judge, Presiding.
 
 
 2
 D.Nev.
 
 
 3
 REVERSED.
 
 
 4
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and REA, District Judge.*
 
 
 5
 MEMORANDUM**
 
 
 6
 David Lee brought this action under 42 U.S.C. § 1983, alleging that the Regents of the University of Nevada, Dwaine Knight, and Jim Higgins violated his Fourteenth Amendment right to equal protection by subjecting him to harassment on the basis of his Korean ancestry. At the time of the alleged harassment, Lee was a student at University of Nevada, Las Vegas ("UNLV") and a member of the golf team. The district court dismissed his complaint on Eleventh Amendment grounds, and Lee appeals the dismissal with respect to Knight and Higgins. Lee also appeals the district court's denial of his motion for relief from the judgment in order to allow him to amend his complaint to state a claim against the Regents under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. We have jurisdiction pursuant to 42 U.S.C. § 1291, and we reverse.
 
 
 7
 Dismissal for lack of jurisdiction due to Eleventh Amendment immunity is reviewed de novo. Price v. Akka, 928 F.2d 824, 827 (9th Cir.1990). "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996) (citation omitted). Motions for relief from judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure are reviewed for abuse of discretion. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).
 
 I. Section 1983
 
 8
 The district court erred in dismissing Lee's § 1983 claims against Dwaine Knight, the head coach of the UNLV golf team and Jim Higgins, the assistant coach. The Eleventh Amendment bars claims for damages against state officials in their official capacities, but federal claims against officials acting in their individual capacities do not fall within the Amendment's ambit. Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir.1994); see also Han v. United States Dep't of Justice, 45 F.3d 333, 338 (9th Cir.1995).
 
 
 9
 Although Lee did not explicitly state in the complaint that Knight and Higgins were being sued in their individual capacities, "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir.1994). This presumption has not been rebutted by the designation of any named officials as either individual or official defendants. See id. Furthermore, it is an entrenched principle of federal law that pleadings should be liberally construed. See Conley v. Gibson, 355 U.S. 41, 48 (1957). We therefore reverse the district court's decision to dismiss the § 1983 claim against Knight and Higgins.
 
 II. Title VI
 
 10
 The district court also erred in refusing to allow Lee the opportunity to amend his complaint to include a claim under Title VI against the Regents. The Supreme Court's decision in Foman v. Davis, 371 U.S. 178 (1962), is controlling.
 
 
 11
 In Foman, the Court concluded that the district court abused its discretion in refusing to permit the plaintiff, following dismissal of the action, to amend her complaint to allege an alternative theory of liability. The Court determined that the district court erred because it did not articulate a reason for its decision, and no reason, such as undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility, was apparent. Id. at 182; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-89 (9th Cir.1987).
 
 
 12
 As in Foman, the district court here failed to give any reason for denying leave to amend. Nor do any readily apparent reasons exist for the district court's decision. There was no evidence that allowing Lee's proposed amendment would have caused undue delay; indeed, this court has suggested that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." DCD Programs, 833 F.2d at 187. Nothing indicates that Lee's request to amend was prompted by bad faith. Because the district court did not give Lee the chance to amend his first complaint, he did not have the opportunity to cure any deficiencies identified by the district court. In addition, at such an early stage in the litigation, long before the court set a trial date or even a pretrial conference, allowing Lee to amend his complaint would not have prejudiced the defendants. See id. at 187-88.
 
 
 13
 Finally, Lee's proposed amended complaint was not futile, as he asserted a colorable claim for relief under Title VI. To state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance. Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir.1994). Lee made both allegations in his complaint. In addition, although a Title VI plaintiff may not be required to plead intent, see id., Lee's complaint included allegations of intentional discrimination.
 
 
 14
 It is true that this court will not disturb a district court's denial of a post-judgment motion under Rule 59(e) or Rule 60(b) except in a limited set of circumstances. See School Dist. No. 1J, 5 F.3d at 1255; Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir.1989). Yet Foman, which involved a post-judgment motion to amend, indicates that denial of leave to amend without a stated or apparent reason presents such a circumstance. Moreover, Lee first requested leave to amend prior to judgment, in his motion opposing the defendants' motion to dismiss.
 
 
 15
 We therefore reverse the district court's decision denying leave to amend.
 
 CONCLUSION
 
 16
 For the foregoing reasons, the decision of the district court is REVERSED. The case is REMANDED for proceedings consistent with this disposition.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3