**DCD PROGRAMS, LTD., et al.,**
**Plaintiffs–Appellants,**

v.

**Michael W. LEIGHTON, et al., Defendants,**

**Hill, Farrer & Burrill,**
**Defendant–Appellee.**

**No. 86–6546.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1987.

Decided Nov. 27, 1987.

Sanger & Stein, Rick M. Stein, Palm Springs, Cal., for plaintiffs-appellants.

William P. Kannow, Clinnin, Siracuse & Belcher, Los Angeles, Cal., for defendant-appellee Hill, Farrer & Burrill.

Before ANDERSON, FERGUSON and NOONAN, Jr., Circuit Judges.

FERGUSON, Circuit Judge:

This appeal comes from the Central District of California where the court denied a motion for leave to submit a fourth amended complaint. Appellants seek to amend their complaint to add appellee, the law firm of Hill, Farrer & Burrill, as a defendant to the suit.

### I.

This case was brought by a number of limited partnerships seeking damages from numerous individual and corporate defendants. Hill, Farrer & Burrill (HFB), was not named as a defendant in the original complaint. The original complaint alleged violations of both federal and state securities laws. More specifically, it was alleged that the corporate defendants offered and sold "investment contracts" to the limited partnerships in derogation of the registration and anti-fraud provisions of the Securities

Act of 1933 and the Securities Exchange Act of 1934.

The limited partnerships fall into two categories. First are the 1982 partnerships which were research and development partnerships formed to develop "state-of-the-art" commodities trading programs. Second are the 1983 partnerships which purchased an investment contract called the "Futures Market Advisor Program" from a defendant corporation and its affiliated companies. The 1983 partnerships would serve as commodity trading advisors for licensees of the programs developed by the 1982 partnerships. These advisors were to form commodity trading pools for the trade of commodities in accordance with signals generated to the advisors from the corporate defendant-licensor of the Futures Market Advisor Program. Substantial revenues were expected to be produced through this scheme.

HFB issued numerous tax opinions to the limited partnerships discussing aspects of the proposed investment scheme. At various times throughout the period covering the events relevant to this suit, HFB represented both the corporate defendants and the limited partnerships. Appellants (the limited partnerships) believe that HFB violated federal and state securities laws through material misrepresentations and omissions in the tax opinions they authored. Appellants also believe that HFB was professionally negligent in regard to its representation of the appellants. Consequently appellants seek to join HFB as a defendant to the action.

## II.

The original complaint in this suit was filed February 13, 1985. In June 1985 the appellants filed for and were subsequently granted leave to amend their original complaint to delete a party plaintiff and add a new party defendant. The first amended complaint was filed September 30, 1985. A second amended complaint was filed March 7, 1986. As of this point HFB had not been named a party to the suit. In April 1986, appellants brought a motion again seeking leave to amend, this time to add appellee as a defendant. After a hearing on the motion was conducted in May 1986, appellants were given permission to file their third amended complaint.

After service of this complaint, HFB brought a motion to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). The motion was heard on July 14, 1986 and on July 21, 1987 the district court issued an order dismissing the third amended complaint as to HFB "without prejudice". The parties dispute what was said at the hearing as to whether the court encouraged or discouraged appellants' suggestion that they submit a motion for leave to file a fourth amended complaint.

On July 31, 1986 appellants again filed a motion for leave to amend.[1] The district court denied the motion without explanation or findings.

The only issue raised on appeal is whether the district court abused its discretion in denying appellants leave to file a fourth amended complaint.[2]

## III.

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served, after that the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Thus "after a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." *Unit-*

---

1. The proposed fourth amended complaint drops the 1933 Act and Racketeer Influenced and Corrupt Organizations Act (RICO) claims lodged against HFB in the third amended complaint, retains the section 10(b) and Rule 10b–5 claims, and adds a new claim for professional negligence.

2. Full discussion of the issue requires an analysis of whether the third amended complaint and/or the proposed fourth amended complaint state colorable claims.

ed States v. Webb, 655 F.2d 977, 979 (9th Cir.1981).

The denial of a motion to amend is reviewed for abuse of discretion. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir.1984); *Klamath–Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.1983). In exercising its discretion "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979.

■ This court has noted "on several occasions ... that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb*, 655 F.2d at 979 (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir.1960) (per curiam)).

■ This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398–99 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986); *United States v. City of Twin Falls*, 806 F.2d 862, 876 (9th Cir.1986), is not sought in bad faith, *Howey*, 481 F.2d at 1190–91, and does not constitute an exercise in futility. *Klamath*, 701 F.2d at 1293.

Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Loehr*, 743 F.2d at 1319; *Howey*, 481 F.2d at 1190. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. *Webb*, 655 F.2d at 980; *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981).[3]

■ This court has also held that "an action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir.1984) (quoting *May Department Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir.1980)); *see Kelson v. City of Springfield*, 767 F.2d 651, 656 (9th Cir. 1985); *Dan Caputo Co. v. Russian River County Sanitation*, 749 F.2d 571, 574 (9th Cir.1984). Thus a motion to make an "[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir.1982).

■ If a district court believes the plaintiff is not able to state a claim, it should provide written findings explaining this. Such action is advisable because, in the absence of written findings or a record which clearly indicates reasons for the district court's denial, this court will reverse a denial of leave to amend. *Klamath*, 701 F.2d at 1292; *Hurn*, 648 F.2d at 1254. Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court

3. Another factor occasionally considered when reviewing the denial of a motion for leave to amend is whether the plaintiff has previously amended her complaint. In *Mir v. Fosburg*, 646 F.2d 342 (9th Cir.1980), the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirm-

ing the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint...." *Id.* at 347; *see Fidelity Financial Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1438 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir.1970) (per curiam).

of prejudice to the opposing party, bad faith by the moving party, or futility of amendment. *See, e.g., Howey,* 481 F.2d at 1191 (no contemporaneous finding of prejudice, bad faith or futility of amendment). The party opposing amendment bears the burden of showing prejudice. *Beeck v. Aqua-slide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977).

In *Hurn v. Retirement Fund Trust of Plumbing,* the plaintiff's complaint was dismissed for failure to state a claim and his motion for leave to amend to add a new cause of action was denied without explanation. The *Hurn* panel reversed the district court holding that "a denial without stated reasons, where the reasons are not readily apparent, constitutes an abuse of discretion." 648 F.2d at 1254 (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *see Klamath,* 701 F.2d at 1292–93 (Ninth Circuit "unwilling to affirm absent written findings, and [has] reversed findings that were merely conclusory.") (citations omitted). Upon HFB's motion, the district court dismissed the third amended complaint as to HFB. However, the court avoided the more harsh alternative by specifically dismissing *"without prejudice".* This would imply that the court did not believe the defects in the complaint were unremediable. Yet appellants' motion for leave to file a fourth amended complaint was denied. This order, like the dismissal of the third amended complaint, was unaccompanied by an explanation or specific findings. Since the district court offered no express rationale for its actions, the court must make the four-factored inquiry to determine the propriety of appellant's motion for leave to amend, and to analyze the record to determine whether reasons for the lower court's actions are apparent. *Hurn,* 648 F.2d at 1254.

**A.**

█ The Ninth Circuit has recently reviewed a denial of leave to amend to add a

defendant. In *Sorosky v. Burroughs Corp.,* 826 F.2d 794 (9th Cir.1987), the district court specifically found that the plaintiff was acting in bad faith by seeking to add a defendant "to destroy diversity and to destroy the jurisdiction of this court." *Id.* at 805. The panel upheld the district courts denial of leave to amend to add a defendant because it could not say that the district court's finding was clearly erroneous. *Id.* In contrast to *Sorosky,* the district court in the case at bar did not make a specific finding of bad faith on the part of the appellants. Moreover, the record similarly offers no evidence of bad faith.

HFB argues that appellants' "unjust delay" in seeking to name it as a defendant is evidence of bad faith. However, this suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct.[4] Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.

**B.**

█ As shown above, delay alone is not sufficient to justify the denial of a motion requesting leave to amend. *Hurn,* 648 F.2d at 1254. Moreover, there is no evidence of unjust delay in this case. See discussion, *supra.*

**C.**

█ Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party. Ergo, this court has stated, "[a]voiding prejudice to the party to be added thus becomes our major objective." *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400 (9th Cir.1984). HFB argues that amendment would be prejudicial due to the "unjust delay" in naming it to the suit. But there has been no "unjust delay." Given that

---

4. Moreover, Fed.R.Civ.P. 11 requires the sanctioning of attorneys who bring suits lacking a factual basis. Consequently, attorneys are cautioned, by this threat of sanctions, to perform their duty to investigate before involving a party in a law suit.

this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment. Furthermore, in that the district court granted leave to file a third amended complaint naming HFB as a defendant less than four months prior to its denial of the motion presently on appeal, there is clearly no basis for any claim of prejudice relating to the proposed fourth amended complaint.

**D.**

Where the underlying facts or circumstances of a case "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir.1985). However, "futile amendments should not be permitted." *Klamath*, 701 F.2d at 1293; *see Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir.1983) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined."). Thus case law requires that if, after reviewing the record, this court finds a colorable federal claim in appellant's proposed fourth amended complaint, it must reverse the district court's denial of leave to amend. *Gabrielson*, 785 F.2d at 766.

Thus, while HFB's claim, and the district court's decision, that the third amended complaint did not state a claim under section 10(b) may be valid, appellants should be granted leave to amend "unless it appears beyond doubt" that appellants' fourth amended complaint would also be dismissed for failure to state a claim since appellants therefore could "prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *cf. Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 541 (9th Cir.1984) ("dismissal under Fed.R.Civ.P. 12(b)(6) should not be af-

firmed unless it is clear that the complaint could not be saved by any amendment ...") (citation omitted). Again it is worth noting that the district court dismissed appellants' third amended complaint *without prejudice*, implying that defects in the complaint could be remedied by amendment.

Appellants seek to recover damages from HFB for, inter alia, violations of section 10(b) of the Exchange Act of 1934 under aider and abettor liability, which is secondary liability. Rule 10(b)–5, the rule corresponding to section 10(b), provides in relevant part that

[i]t shall be unlawful for any person directly or indirectly ...

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.

This circuit has stated the elements of a section 10(b) cause of action for aiding and abetting:

(1) the existence of an independent primary wrong; (2) actual knowledge by the alleged aider and abettor of the wrong and of his or her role in furthering it; and (3) substantial assistance in the wrong.

*Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir.1982) (citations omitted), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983); *see S.E.C. v. Rogers*, 790 F.2d 1450, 1460 (9th Cir.1986). Liability may attach even though the aider and abettor assisted in the scheme only by silence or inaction. *Strong v. France*, 474 F.2d 747, 752 (9th Cir.1973). But we note that liability under section 10(b) requires knowing or reckless conduct, making mere negligence insuffi-

cient. *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir.1984).[5]

In *Riley v. Brazeau*, 612 F.Supp. 674 (D.Or.1985), a district court reviewed the dismissal of the portion of a complaint alleging aider and abettor liability under section 10(b) against a corporate counsel. The defendant counsel had argued that the complaint alleged "only that he performed services normally performed by a lawyer for a client" and "only that he advised and assisted [the corporate defendant and its subsidiaries] in devising the investment program...." 612 F.Supp. at 680. In disagreeing with this assessment of the complaint and reversing the dismissal, the district court stated that

> [b]roadly construed, the complaint alleges that [the attorney] participated in the development and implementation of the [investment] plan even though he knew or recklessly disregarded that [the corporate defendant] was not investing plaintiffs' funds properly. Plaintiffs might be able to prove facts showing that [the attorney] participated in the fraud.

612 F.Supp. at 680.

The Eleventh Circuit recently faced a situation similar to that posed by the case at bar. In *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040 (11th Cir.1986), the liquidating trustee and one investor in the ill-fated DeLorean auto production venture sued the Arthur Andersen accounting firm alleging that it aided and abetted in DeLorean's allegedly fraudulent actions because it either knew or should have known of these actions. The circuit reviewed the district court's denial of a motion requesting leave to amend after the plaintiff's complaint had been dismissed. Both actions by the lower court were based on its conclusion that neither the dismissed complaint nor the proposed amended complaint stated a federal claim under section 10(b). The Eleventh Circuit reversed the district court's denial of leave to amend, reading the proposed amended complaint as alleging facts sufficient to support section 10(b) liability against Andersen although it merely alleged that "Andersen was performing substantial nonauditing services for the DeLorean entities", that "[b]ecause of its business relationship with DeLorean, Andersen knew or recklessly failed to learn of DeLorean's intention to [commit the fraudulent act]" and that "Andersen willfully or recklessly failed to disclose the alleged fraud." 800 F.2d at 1042.

■ Appellants allege that HFB deliberately failed to communicate information in its tax opinions—such as the suspension of the defendant corporations by the California Secretary of State for failure to pay franchise taxes—that HFB knew or should have known would be material to appellants' decisions to participate in the investment scheme.[6] This circuit has held that

---

5. Appellants' proposed Fourth Amended Complaint alleges, inter alia,

   Based upon facts known to HFB before the tax consequence opinions were issued, except by acting recklessly or even wilfully to assist in the fraud of the control group, HFB could not have issued its tax consequence opinions in either 1982 or 1983.

6. Appellant's proposed fourth amended complaint alleges, among other claims, that

   Even prior to issuing the tax consequence opinions, HFB knew that one or more of the dependant [sic] corporations (instrumental in the business of the 1982 partnerships) had been suspended for failure to pay corporate taxes and were insolvent, all of the entities involved in the R & D transactions which were to be conducted by the partnerships were controlled either directly or indirectly by [one of the individual defendants], and defendants also knew that defendants were also forming additional partnerships in or

about the same time which other partnerships were supposedly developing trading strategies separate and distinct from trading strategies developed by each of the other partnerships. The HFB tax consequence opinions ... were false, fraudulent and misleading in at least the following respects, without limitation:

   (a) Failure to disclose in the tax consequence opinions that the corporate defendants had no legal substance, were suspended for failure to pay taxes, were never adequately capitalized and were insolvent, had no operations nor any facility in which to operate, had no personnel nor assets, commingled their books and records with each other and for the most part merely acted as a conduits [sic] for [another of the defendants];

   (b) Failure to disclose there was an integrated offering of securities which had not been registered, as required, under § 5 of the Securities Act of 1933 even though the tax consequence opinions were intended to be included (with the permission of HFB) in the

proof of such conduct establishes that the party possessed the requisite scienter. *See Burgess,* 727 F.2d at 832 ("A person possesses the requisite scienter if the person either deliberately misrepresents or omits material information.").

Moreover, by virtue of appellants' status as clients of HFB, HFB assumed a fiduciary duty to the appellants. This in turn gave rise to a separate duty to disclose material information. *Strong,* 474 F.2d at 752 (duty to disclose arises where there is a fiduciary relationship, knowledge of insider information, or knowing participation in a fraudulent scheme). The violation of this duty also could yield aider and abettor liability under section 10(b) if at trial the presence of the requisite factors is established. *See id.; cf. S.E.C. v. Rogers,* 790 F.2d 1450, 1459 (9th Cir.1986).

In general, appellants' allegations against HFB in its proposed fourth amended complaint of the acts and scienter necessary for aider and abettor liability are pleaded with greater specificity of HFB's alleged wrongful acts than those in appellants' third amended complaint. Moreover, they are pleaded with equal if not greater specificity than those the Eleventh Circuit held sufficient in *Rudolph.* Appellants have pleaded facts in their proposed fourth amended complaint which, if proven at trial, would result in liability for HFB under federal securities laws.

## IV.

The district court's decision denying appellants leave to amend their complaint is reversed. The court did not provide an explanation for its denial and a justification is not apparent from the record. In such a circumstance as this, the "outright refusal

offering materials for each respective limited partnership to whom the tax opinions were issued;

(c) Failure to investigate and determine that [other defendants had not] loaned any of the respective partnerships sums of monies which was one of the most basic underlying assumptions of the formation of each of the 1982 partnerships; and

(d) Failure to investigate and determine that the proposed lease by [a defendant corporation] of the trading strategy to be developed by each partnership was a transaction in

to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

REVERSED.

name only with no substance whatsoever and was impossible of completion since no trading strategies were likely to be developed nor did [the defendant corporation] have the capitalization or the expertise to enter into the lease and to pay for or exploit the trading strategies [sic] even if they were developed.