ORDER DENYING MOTION TO DISMISS; AND ORDER ALLOWING MOTION TO AMEND
KATHARINE ENGLISH, Chief Judge.
This matter came before the Court on Complainant Val Sheker’s Motion to Dis *88 miss, and Councilman Reyn Leno’s Motion to Amend the Notice of Appeal.
ISSUE: Tribal member, Val Sheker, alleged that Tribal Councilman Reyn Leno, had violated the Tribal Ethics Ordinance. The Tribal Council conducted a hearing on that complaint and found that Councilman Leno had violated the Ordinance. The Tribal Council imposed a sanction. Councilman Leno appealed to the Tribal Court. The issue before the Court at this time is this: Is Mr. Leno’s appeal subject to dismissal for failure to name the Tribe as a party in the caption of his initial pleading?
BACKGROUND:
Tribal member, Val Sheker, alleged that Tribal Councilman Reyn Leno had violated the Tribal Ethics Ordinance. Pursuant to its duties, the Tribal Council held a hearing in the matter, which hearing was, in some documents, titled Val Sheker v. Reyn Leno.
On September 14, 1999, subsequent to this proceeding, the Tribal Council issued a decision stating that Mr. Leno had violated the Ordinance and issuing a sanction against him. The decision was titled In the Matter of Reyn Leno.
On October 7, 1999, Mr. Leno filed in the Tribal Court a document entitled Defendant Reyn Leno’s Notice of Appeal to the Tribal Court from an Order of the Tribal Council. The caption was Valone Sheker v. Reyn Leno.
All documents were served on the Tribe via the Tribal attorney’s office, and on the Tribal Council, via the Chair, Kathryn Harrison.
Ms. Sheker has filed a Motion to Dismiss for failure to name the appropriate party. Ms. Sheker argues that the matter is an “appeal”, and that therefore the Federal Rules of Appellate Procedure apply. She claims that the proper party must be named in the initial pleading, that a subsequent amendment does not defeat her motion, and that the failure is jurisdictional.
Mr. Leno argues that the case is not an “appeal”. Rather, it is in the nature of judicial review of an administrative decision, and therefore the Federal Rules of Civil Procedure apply. Mr. Leno claims that the error in the caption was a clerical one only, that the Tribe and Tribal Council were on notice of the appeal because they were named in the body of the pleading and because it was served on both the Tribe and the Tribal Council. He further claims that the amendment, if allowed, relates back to the original filing so as not to be a jurisdictional defect.
The Tribe appeared today, and agrees to be a party to the proceeding. The Tribe takes no position as to the Motion to Dismiss. Once the Tribe becomes a party, Mr. Leno and the Tribe agree to dismiss Ms. Sheker as an improper party. Ms. Sheker, however, objects to her dismissal from the case, and continues to advance her Motion to Dismiss.
ANALYSIS:
This Court has not yet established a Court of Appeals, nor adopted the Federal Rules of Appellate Procedure. Where an “appeal” is in the nature of a judicial review of an administrative decision, it is reasonable to apply the Federal Rules of Civil Procedure, which this Court has adopted.
FRCP 15(a) allows for amendments, and specifically provides that “[l]eave shall be freely given when justice so requires.” This policy is to applied with extreme liberality. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987), Moronga Band of Mission Indians v. Rose, 893 F.2d, 1074, 1079 (9th Cir.1990.). When the only difference in the amended pleading is the caption, the Court should allow the amendment Advanced Power *89 Systems v. Hi-Tech, Systems, 801 F.Supp. 1450, 1456 (E.D.Pa.1992).
Additionally, FRCP 15(c) provides for relation back of an amendment to the date of the original pleading when the claim or defense is the same, or, when the name of the party is changed, the claim is the same and the party to be named by amendment has had notice, is not prejudiced in defending the claim, and knew or should have known that the claim was being brought.
In this case, all parties agree that the Tribe is a proper party to this matter. The Tribe and Tribal Council were on notice of Mr. Leno’s appeal. In fact, the Tribe and Tribal Council have appeared and agreed to become a party to the case, and that the amendment to the caption relates back to the original filing date.
It would be manifestly unfair to deny Mr. Leno his right to appeal the Council’s decision under these circumstances.
The Court need not require the parties to participate in lengthy legal analysis of Ms. Sheker’s standing or lack of standing. All parties have agreed that her interests will be served if she is allowed to appear, not as a party, but as a “friend of the court”, i.e. an Amicus. The Court has agreed to allow it.
FINDINGS:
1. The Court finds that an appeal from a decision by the Tribal Council in an ethics proceeding is a judicial review of an administrative decision, and that it is governed by the Federal Rules of Civil Procedure, which this Court has adopted, to the extent that such rules can be reasonably applied to a review on the record.
2. The error in the caption in this matter is clerical in nature. Amendment should be allowed. Amendment should relate back to the date of the original filing of the Notice, as the Tribe has had notice of the matter, is not prejudiced in maintaining a defense to it, and knew that the appeal was being brought against the Council’s decision.
3. Ms. Sheker will be dismissed from the case as a party, but will be allowed to appear as Amicus, submit briefing, and participate in argument.
IT IS HEREBY ORDERED:
1. Ms. Sheker’s Motion to Dismiss is denied.
2. Mr. Leno’s Motion to Amend is allowed. The caption is amended to “In the Matter of Reyn Leno."
3. The amendment relates back to the original filing date of the Notice of Appeal.