Robert **MITCHELL**, Plaintiff—Appellant,

v.

**COUNTY OF ORANGE, a political subdivision of the State of California; et al., Defendants—Appellees.**

No. 02–55473.
D.C. No. CV–00–00733–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

California state prisoner Robert Mitchell appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Orange County sheriff's deputies violated his civil rights by knowingly placing him in a jail cell with a dangerous inmate, thereby subjecting him to attack by this inmate, and then intentionally fracturing his ribs after stopping the inmate's assault. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000), and review for an abuse of discretion the denial of a motion to amend, *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). We reverse in part, vacate in part, and remand.

The district court abused its discretion by denying plaintiff's motion to amend his complaint to substitute the real names of five "Deputy Does." Delay alone is not reason to preclude an amendment and there was not a sufficient showing of prejudice. *See id.* at 187–88. Accordingly, we reverse the district court's order denying

plaintiff's motion to amend the complaint. *See id.* at 190.

On the record before us, we are unable to review the grant of summary judgment. It appears that both parties lodged documents either supporting or opposing summary judgment. However, neither the district court's summary judgment order nor its statement of uncontroverted facts and conclusions of law discusses the evidence plaintiff submitted, nor does the record explain why plaintiff's documents were merely lodged and not filed.[1] *See* C.D. Cal. Local Rule 56–2 (requiring separate statement of genuine issue of material fact to be filed); *cf.* C.D. Cal. Local Rule 56–1 (requiring movant to lodge a proposed statement of uncontroverted facts and conclusions of law). Because only documents that were filed constitute the record on appeal, *Barcamerica Int'l U.S.A. Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir.2002), we remand for the district court to determine if plaintiff's submission was erroneously designated as "lodged" rather than filed or if this designation was given for some other reason. The district court may conduct further proceedings as necessary.

Each party will bear its own costs on appeal.

**REVERSED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We further note that we could find no explanation in the record for why some lodged documents were entered on the civil docket and others were not. *Compare, e.g.,* CR # 14 to CR # 20.