Michael B. KLAPPER; Summer Klapper, a minor by and through her Guardian ad Litem, Michael B. Klapper, Plaintiffs—Appellants,

v.

City of LOS ANGELES; Ernest Avila; Anibal Lopez, Officer # 31232; Gregory Trejo, Officer # 33641; Gustavo Barrientos, Officer # 31631; Custodio Ponce, Officer # 27071; Alonso Ramirez, Officer # 31010; Steven Cornell, Officer # 30504, Defendants—Appellees.

No. 04–55106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Filed July 19, 2006.

Shirley A. Ostrow, Esq., E. Thomas Barham, Jr., Esq., Barham & Ostrow, Los Alamitos, CA, for Plaintiffs–Appellants.

Amy Jo Field, Esq., Wendy Shapero, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: FRIEDMAN,* O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Michael Klapper appeals from the district court's grant of summary judgment in his civil rights suit against the city of Los Angeles and several Los Angeles police officers, and the denial of his motion to amend his complaint. The facts are famil-

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

iar to the parties and will not be repeated here.

We view the facts in the light most favorable to Klapper, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and conclude that there are critical factual issues that preclude us from determining whether officers had probable cause to enter his apartment. If, as Klapper argues, officers could not see Klapper clearly *before* they ordered him to open the exterior door to his apartment, they violated the Fourth Amendment by searching his apartment without probable cause. *See United States v. Winsor*, 846 F.2d 1569, 1573 (9th Cir. 1988) (en banc) (holding that officers conduct a search when they "gain[ ] visual entry into [a] room through [a] door that [is] opened at their command"). Because resolution of this factual issue affects whether officers had probable cause to arrest Klapper, summary judgment was not appropriate.

Nevertheless, the district court also grounded its decision on qualified immunity grounds; "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The rule of *Winsor*, however, is clearly established, and we cannot decide whether officers were entitled to qualified immunity before resolution of the factual issue above.

With respect to Klapper's motion for leave to amend his complaint, the district court based its denial on findings of undue delay and prejudice. The City of Los Angeles and the officers filed a non-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

opposition to Klapper's motion "after reviewing the relevant case law and observing and acknowledging the liberal standards governing amendments." By doing so, they implicitly conceded that permitting Klapper to amend his complaint would not prejudice them. The district court therefore erred by finding prejudice, and delay alone is insufficient to justify denial of leave to amend. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987). Thus, it was an abuse of discretion to deny Klapper leave to amend his complaint.

**REVERSED AND REMANDED.**

FRIEDMAN, Circuit Judge, dissenting.

I would affirm.

As I read the court's opinion, the court reverses the district's grant of summary judgment dismissing the complaint because it concludes that there are disputed factual questions that "preclude us from determining whether officers had probable cause to enter" Klapper's apartment, namely, whether police officers could see Klapper clearly before "they ordered him to open the exterior door to his apartment." It relies on *United States v. Winsor,* 846 F.2d 1569 (9th Cir.1988), where the police, with drawn guns, knocked on the door of the defendant's hotel room and announced: "Police. Open the door." 846 F.2d at 1571. The court held that this language constituted a "command" to open the door. *Id.* at 1573.

In the present case, in contrast, I read the record as justifying the conclusion that the police "requested" rather than "demanded" that Klapper open the door. In his June 19, 2003 deposition, Klapper stated that the officers "said they were L.A.P.D., if I could open the door?" In his September 10, 2003 declaration, Klapper similarly stated that the officers "said words to the effect of 'could you open the door?'" Although in his August 14, 2003 declaration, he stated that "[a]t the direction of the police officer, I unlocked the deadbolt on the security door," he did not state the officer's words that led him to conclude that he had been "directed" to do so.

Perhaps the court is reading *Winsor* broadly to treat any police knocking on the door, accompanied by a request to open it, as a demand for such action. I do not so read *Winsor,* however, and believe that such an interpretation of that decision would be inconsistent with other decisions of this court. *See United States v. Cormier,* 220 F.3d 1103, 1109 (9th Cir.2000) ("Because there was no police demand to open the door, and [Officer] Peters was not unreasonably persistent in her attempt to obtain access to Cormier's motel room, there is no evidence to indicate that the encounter was anything other than consensual.") (citations omitted); *Davis v. United States,* 327 F.2d 301, 303 (9th Cir.1964) (stating that absent an order from the homeowner to the contrary, "there is no rule ... which makes it illegal ... for [a police officer] openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man's 'castle' with the honest intent of asking questions ...").

Although Klapper stated in his September 10 declaration that he "did not think that [he] had any choice but to unlock the dead bolt of the security door," his subjective belief is not dispositive. The test is one of "'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).

I conclude that even viewing the facts most favorably to Klapper, the officers did not violate his Fourth Amendment rights when, in response to their request, he

opened the door. Under that conclusion it is immaterial whether the officers could see Klapper before he opened the door.

But even if one comes out the other way on that issue, I conclude that the officers would have qualified immunity for their actions in obtaining access to Klapper's apartment. Reasonable officers in their position would not have known or believed that their actions were unconstitutional. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Finally, I cannot say that the district court abused its discretion or otherwise erred in denying Klapper's motion to amend the complaint. The proposed amendment would have added another defendant and added three new legal claims against the individual defendants. The original complaint was file in April 2002. The motion to amend was field August 4, 2003, more than 30 days after the discovery cut-off date and four months before the trial date. If granted, presumably the amendment it would have led to additional discovery, which could have delayed the proceedings significantly.