MEMORANDUM **
Reginald Smith, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth Amendment rights by subjecting him to secondhand smoke within the prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo-a district court’s dismissal for failure to state a claim. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 923 (9th Cir.2001). We affirm.
The district court properly dismissed the action with prejudice because Smith’s second amended complaint did not state a claim for deliberate indifference and'Smith failed to correct the defects. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (explaining that to establish a supervisor’s liability under section 1983, an inmate must demonstrate that the official “participated in or directed the violations, or knew of the violations and failed to act to prevent them.”); see also DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 n. 3 (9th Cir.1987) (“a district court’s discretion over amendments is especially broad where the court has already given a plaintiff one or *483 more opportunities to amend his complaint”) (internal quotations omitted).
Smith’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.