FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY EUW-JONG SITANGGANG, | No. 09-56700 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01136-DDP-JWJ |
| v. | |
| COUNTRYWIDE HOME LOANS, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Nancy Euw-Jong Sitanggang appeals pro se from the district court's

judgment dismissing her action arising out of foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.2d 910, 912 (9th Cir. 1986). We may affirm on any basis supported by the record. *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999). We affirm.

The district court properly dismissed Sitanggang's Truth in Lending Act ("TILA") claim seeking rescission because the loan at issue was a "residential mortgage transaction" and therefore could not be rescinded under TILA. *See* 15 U.S.C. § 1635(e)(1) (the right of rescission does not apply to a residential mortgage transaction); *id.* § 1602(x) (defining a residential mortgage transaction). Sitanggang's equal protection contentions are unpersuasive.

Sitanggang's Real Estate Settlement Procedures Act claim was properly dismissed because she did not allege facts suggesting that she suffered any actual damages. *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" where there is no pattern or practice of noncompliance with the requirements of § 2605).

The district court did not abuse its discretion by dismissing the third amended complaint without leave to amend after having provided Sitanggang numerous opportunities to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).

We do not consider issues that were not raised in the opening brief. *See*

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**