**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY AND MARIA ADRIAN, | No. 12-16214 |
| Plaintiffs-Appellants, | D.C. No. 2:12-CV-00189-PHX-FJM |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTC FINANCIAL (d/b/a Trustee Corps), and ONEWEST BANK, FSB, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

Appellants Anthony and Maria Adrian ("the Adrians") appeal the district

court's dismissal of their claims without granting leave to amend. The Adrians

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

asserted three claims against Defendants Federal National Mortgage Association ("Fannie Mae"), MTC Financial (d/b/a Trustee Corps) ("Trustee Corps"), and OneWest Bank, FSB ("OneWest"): (1) wrongful foreclosure, (2) intentional infliction of emotional distress, and (3) fraud. We have jurisdiction pursuant to 28 U.S.C. 1291. We affirm in part, vacate in part, and remand.

I.

The Adrians argue that the district court erred in dismissing their claims without granting them leave to amend. A district court's denial of leave to amend the complaint is reviewed for an abuse of discretion. Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (citing Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993)). Because the district court did not articulate its reasons for denying the Adrians leave to amend their claims against Fannie Mae and OneWest, we review each of the Adrians' claims de novo to determine whether the district court abused its discretion in denying leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003)(per curiam).

The Adrians first allege a claim of wrongful foreclosure. Arizona state courts do not recognize a wrongful foreclosure cause of action. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). The Adrians

-2-

attempt to distinguish their wrongful foreclosure claim, but we find their attempts unavailing. Thus, any amendment to the Adrians' wrongful foreclosure action would be futile and the district court did not err in dismissing that claim and denying leave to amend.

The Adrians also allege a claim of intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress under Arizona law, the Adrians must show that (1) the conduct at issue was "extreme and outrageous," (2) the defendants either intended to cause such distress or recklessly disregarded the likelihood that such distress would occur, and (3) severe emotional distress did occur. Watts v. Golden Age Nursing Home, 619 P.2d 1032, 1035 (Ariz. 1980). We previously have held that the actions of lenders in "targeting Plaintiffs for a loan, misrepresenting the terms and conditions of the loan, negotiating the loan, and closing the loan," do not rise to the level of "extreme and outrageous." Cervantes, 656 F.3d at 1046. Thus, even taking all the facts alleged as true, any amendment to the Adrians' intentional infliction of emotional distress claim would be futile because the alleged conduct of the defendants does not, as a matter of law, rise to the level of "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

-3-

community." <u>Watts</u>, 619 P.2d at 1035.  Therefore, the district court did not err in dismissing that claim and denying leave to amend.

Finally, the Adrians allege fraud against Fannie Mae and OneWest. However, they fail to allege any specific conduct of Fannie Mae that would constitute fraud and merely assert that Fannie Mae was a co-conspirator to OneWest's fraudulent actions. Under Arizona law, for a conspiracy action to lie, "two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." <u>See</u> <u>Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund</u>, 38 P.3d 12, 36 (Ariz. 2002).  Merely alleging that Fannie Mae was a co-conspirator is insufficient and the underlying facts demonstrate that any amendment to the Adrians' fraud claim against Fannie Mae under a "co-conspiratory" theory would be futile.  Thus, the district court did not err in denying the Adrians leave to amend that claim.

The record, however, suggests that the Adrians' fraud claim against OneWest could be saved by amendment.  The Adrians' fraud claim against OneWest, in sum, alleged that OneWest "represented" to Plaintiffs that they must default on their mortgage before OneWest would modify it, but that OneWest had no intention of ever modifying the loan.  Instead, according to the Adrians,

-4-

OneWest falsely represented to them that they must default, while OneWest "fully intended on foreclosing on the Property" and sought to obtain loan modification incentives in the process. Assuming that these allegations are true, it appears that the Adrians could potentially state a claim for fraud against OneWest. See Cervantes, 656 F.3d at 1041. At a minimum, it is not clear that an amendment to their pleadings would be futile. Accordingly, we hold that the district court abused its discretion in denying the Adrians an opportunity to amend their complaint with respect to their allegations of fraud against OneWest.

## II.

The Adrians also argue the district court abused its discretion when it disposed of their claims against Trustee Corps by granting Trustee Corps's Motion to Dismiss "summarily" pursuant to Local Rule 7.2(i). The Adrians did not respond to Trustee Corps's Motion to Dismiss. Because Local Rule 7.2(i) allows the district court to dispose of a motion summarily if the party does not serve and file the required answering memoranda, we hold that the district court did not abuse its discretion in summarily disposing of Trustee Corps's Motion to Dismiss and dismissing the Adrians' claims against it. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

We vacate the district court's judgment of dismissal of the Adrians' fraud claim against OneWest and remand to the district court for further proceedings consistent with this disposition. We affirm the district court's judgment in all other respects.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.