**NOT FOR PUBLICATION**

# FILED

NOV 08 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN YAGMAN, | No.   18-55693 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:16-cv-08902-FMO-JC |
| NATIONSTAR MORTGAGE LLC;<br>NATIONSTAR MORTGAGE<br>HOLDINGS, INC.; NATIONSTAR<br>CAPITAL CORPORATION; TEN<br>UNKNOWN NAMED DEFENDANTS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted November 6, 2019[**]
Pasadena, California

Before:  SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Stephen Yagman filed suit against Nationstar Mortgage, LLC alleging that the assignment of his loan to a securitized trust was void. He now appeals the district court's order dismissing his claim without leave to amend. We affirm.

Yagman's claim is barred by res judicata. Res judicata applies when a court has reached a final judgment on the merits in an earlier suit involving the same claims and parties as a later suit. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). In *Yagman v. Nationstar Mortgage, LLC*, 699 Fed. App'x 634 (9th Cir. 2017) ("*Yagman I*"), a case involving the same claims and parties, we upheld the district court's dismissal without leave to amend of Yagman's claim. This became a final judgment.

Yagman attempts to distinguish his claim from that in *Yagman I*, arguing that in this suit, he is challenging only those collection attempts that occurred after the complaint in *Yagman I* was filed. This argument fails, because res judicata bars claims based on new factual events when those events are part of the same ongoing practice. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918–19 (9th Cir. 2012).

The district court did not abuse its discretion in denying Yagman's motion to amend his complaint. As in *Yagman I*, amendment would have been futile,

2

because even if Yagman were permitted to amend his complaint, he could not solve the procedural defects we identified in *Yagman I*.  699 Fed. App'x at 635; *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing futility as a reason to deny leave to amend).

The district court did not abuse its discretion in denying Yagman's motion to impose sanctions, because Yagman is unable to establish that Nationstar's attorneys were reckless or acted in bad faith in bringing a motion to dismiss for inadequate service of process.  *See* 28 U.S.C. § 1927; *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

**AFFIRMED.**