SAFARI CLUB INTERNATIONAL,
et al., Plaintiffs,

v.

Mitch DEMIENTIEFF, Chairman,
Federal Subsistence Board, et
al., Defendants,

and

Native Village of Venetie Tribal
Government, et al., Defendant–
Intervenors.

No. A98–0414–CV (HRH).

United States District Court,
D. Alaska.

March 9, 2005.

---

### ORDER

*Motion for Leave to Amend: Motion
for Leave Pursuant to Local
Rule 15.1(2)*

HOLLAND, District Judge.

Defendant-intervenors move for "Leave to Amend Complaint in Intervention".[1] The motion is opposed by both plaintiffs and defendants.[2] Oral argument has not been requested and is not deemed necessary.

Defendants-intervenors also move for leave of the court pursuant to Local Rule 15.1(2).[3]

### Background

Plaintiffs' complaint, as well as intervenors' answer and cross-claims against defendants, put before the court a challenge to the make-up of the regional advisory councils that report to the Federal Subsistence Board which enjoys delegated authority from the Secretaries for purposes of regulating subsistence hunting and fishing on federal lands pursuant to the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. §§ 3111–3126.[4] Plaintiffs' and intervenors' claims were submitted to the court on motions for summary judgment.

By order of January 16, 2004,[5] the court denied in part and granted in part plaintiffs' and intervenors' motions for summary judgment. First, the court dismissed plaintiffs' customary and traditional use claims for lack of standing. Second, the court determined that the regional advisory councils are advisory bodies subject to the Federal Advisory Committee Act (FACA), 5 U.S.C. app. 2 §§ 1–15, and that councils which exclude the viewpoints of non-subsistence users of public lands do not meet the FACA "fairly balanced" requirement. Third, the court determined that it must enjoin the Secretaries from implementing a plan which they had developed for restructuring the regional advisory councils because the plan was not adopted in compliance with the rule-making requirements of the Administrative Procedures Act, 5 U.S.C. § 553. Fourth, the court noted that plaintiffs' claims as regards the makeup of the regional advisory councils might be rendered moot by the rule-making process. On January 21, 2004, judgment[6] was entered in favor of intervenors and against defendants, enjoining the Secretaries from implementing what the parties have come to refer to as the "70/30 rule" for the makeup of the regional advisory councils.

In due course, the Secretaries adopted a new, final regulation addressing the composition of the regional advisory councils.[7] The court then called upon the parties to report to the court as regards the status of the case in light of the new regulation. The court believes that report[8] stands for the proposition that plaintiffs' Claim Three has indeed been mooted by the Secretaries' promulgation of the new regulation governing the makeup of the regional advisory councils. As to intervenors, they desire to challenge the Secretaries' new, final regulation on the makeup of the regional advisory councils. To that end, their motion to amend has been served, filed, and briefed as indicated at the outset.

---

1. Clerk's Docket No. 237.

2. Clerk's Docket Nos. 238 and 239.

3. Clerk's Docket No. 242.

4. Plaintiffs' complaint also raised a host of issues having to do with customary and traditional hunting and fishing use determinations by the Federal Subsistence Board. The inclusion of these claims required a massive effort on the part of plaintiffs and defendants for purposes of compiling a meaningful administrative record. That process significantly delayed the development of this case.

5. Clerk's Docket No. 208.

6. Clerk's Docket No. 209.

7. Clerk's Docket No. 229.

8. Clerk's Docket No. 234.

*Discussion*

■ Rule 15(a), Federal Rules of Civil Procedure, governs motions to amend and provides that leave to amend shall be freely given when justice so requires. A party may amend its pleading to add new claims, new parties, or both. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). A "pleading" for purposes of Rule 15(a) includes answers and cross-claims. *See* Rule 7(a), Federal Rules of Civil Procedure. "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir.2004).

The first and last factors are disposed of easily. No one has asserted that intervenors are acting in bad faith by moving to amend, and intervenors have not previously sought to amend their cross-claims.

■ Although both defendants and plaintiffs suggest that there will be undue delay, the court does not perceive that intervenors' proposal to amend would unduly delay this litigation. It will take more time to resolve the issues surrounding the Secretaries' new, final regulation on regional advisory councils, irrespective of how those issues are put before the court. Defendants will have to answer intervenors' challenge to the new, final regulation whether it is raised in this action or in a new case. The court is mindful of the fact that this case is six years old, but the mere fact that this case will go on a little longer if intervenors are allowed to amend is an insufficient reason to deny the motion to amend. *See Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712–13 (9th Cir.2001).

Plaintiffs contend that intervenors' proposed amendment would be futile. In reality, plaintiffs seem to argue that the amendment is unnecessary. The court does not see it that way. Intervenors originally challenged a procedure and policy for reorganizing the regional advisory councils that was not supported by any formal regulation. Intervenors prevailed on that issue, and now they would challenge the Secretaries' new, final regulation. This is a new matter that the parties and the court did not and could not have addressed heretofore. Amendment of intervenors' cross-claims to add the new, proposed cross-claims would not be futile.

■ Finally, the court does not perceive any prejudice to plaintiffs or defendants if intervenors are allowed to amend their cross-claims. Although intervenors argue that they will be prejudiced if they are not allowed to amend due to *res judicata* concerns, that is not the standard by which the court determines prejudice on a motion to amend. Prejudice is determined from the standpoint of the opposing party, not the party moving to amend. *See Johnson,* 356 F.3d at 1077.

■ That said, the court makes the following observations about intervenors' concern about the possible *res judicata* implications of a final decision in this case. If intervenors are allowed to amend, the doctrine of *res judicata* will have no application here. But, the law-of-the-case doctrine will have a potential impact upon intervenors if they are permitted to amend in this case.

In ruling upon the parties' motions for summary judgment, the court has made some substantive decisions on the composition of regional advisory councils which will likely impact intervenors, regardless of whether a new case is filed or if intervenors are allowed to amend. For example, the court has held that the regional advisory councils are subject to the FACA "fairly balanced" requirement.[9] The court has also held that, for purposes of the FACA, sport and commercial users of fish and wildlife have legitimate points of view that must be considered in formulating a regulation fixing membership qualifications for the regional advisory councils.[10] Whether the Secretaries' new, final regulation comports with FACA and ANILCA are open questions, but even if intervenors are allowed to amend, the law-of-the-case doctrine will almost certainly

---

9. Order re Motions for Summary Judgment at 54, Clerk's Docket No. 208.

10. *Id.* at 58.

preclude intervenors from having a "second bite" at the questions of whether or not regional advisory councils are subject to FACA or whether or not non-subsistence users of fish and game have a point of view that must be taken into account in the make-up of the regional advisory councils.[11] If intervenors are allowed to amend, absent some exception to the law-of-the-case doctrine, they should take up the battle where it stopped: with the requirement that the Secretaries engage in formal rule-making.

In their opposition, plaintiffs seem to concede not only that the court has made some rulings that should be binding upon intervenors, but they also seem to suggest that the court has taken a position on the concept of a 70/30 division between subsistence and non-subsistence members of the regional advisory councils. Plaintiffs accurately quote the court as saying:

> Defendants' proposed 70/30 "rule" or some other restructuring of the membership of regional advisory councils consistent with FACA and ANILCA would almost surely render moot the contentions of the plaintiffs in their Claim Three [having to do with membership of regional advisory councils].[12]

Plaintiffs state that the foregoing language "foreshadows [the court's] approval of the previously submitted rule to establish a 70/30 balance of the memberships of the councils...." [13] The parties should clearly understand that the court was *not* telegraphing anything to them by the above quoted statement. The court has taken no position as to whether the 70/30 division of membership on regional advisory councils will or will not comport with the requirements of FACA and ANILCA. What the court addressed by the foregoing was its view that plaintiffs' Claim Three would likely be rendered moot by a restructuring of the membership of regional

advisory councils consistent with FACA and ANILCA, nothing more and nothing less.

■ Based on the foregoing, intervenors' motion to amend is granted. However, as defendants are quick to point out, intervenors' proposed amended pleading does not comply with Local Rule 15.1(2) because it does not reproduce the entire pleading as amended. In response, intervenors move for leave of the court to depart from the requirements of Rule 15.1(2).

It is within the court's discretion to allow a party to depart from the requirements of Local Rule 15.1(2). The court perceives no reason to require intervenors to replead their answer to plaintiffs' complaint or their original cross-claims. Plaintiffs' claims were either disposed of in the court's order of January 16, 2004 or have been rendered moot by the Secretaries' rule-making. As to intervenors' original cross-claims, the second original cross-claim was disposed of in the January 16, 2004 order, and it is the court's perception that intervenors' first original cross-claim has been rendered moot by the Secretaries' rule-making. Intervenors' first original cross-claim asserted that the "70/30 rule", which defendants were implementing without having gone through formal rule-making, violated ANILCA. While intervenors' new cross-claims challenging the Secretaries' new, final regulation on the makeup of the regional advisory councils will undoubtedly raise the ANILCA issue, it will be in the context of the new, final regulation that the Secretaries have promulgated, not in the context of the informal "70/30 rule" that was the subject of intervenors' first original cross-claim.

That said, intervenors' proposed "amended complaint in intervention" cannot be filed in its present form. Intervenors never filed a complaint in intervention to begin with and thus they cannot "amend" their complaint in intervention.[14] Intervenors originally assert-

---

**11.** The court realizes that it does not have the final word on this subject.

**12.** Order re Motions for Summary Judgment at 62, Clerk's Docket No. 208.

**13.** Plaintiffs' Opposition at 4, Clerk's Docket No. 239.

**14.** The court recognizes that it may have added to the confusion here by referring to the intervenors' complaint in intervention in the order that decided the motions for summary judgment. The court should have referred to intervenors' cross-claims.

ed two cross-claims against defendants. They now propose to amend to add new cross-claims, which the court has concluded they may do. Intervenors are given leave to amend their answer and cross-claim by filing a free-standing pleading that only contains intervenors' cross-claims relating to the new, final rule promulgated by the Secretaries.

### Conclusion

Intervenors' motion to amend is granted as is intervenors' motion to depart from the requirements of Local Rule 15.1(2).

Within seven (7) days of entry of this order, intervenors shall file an amended pleading which sets forth their cross-claims challenging the Secretaries' new, final regulation on the makeup of the regional advisory councils.

Defendants may then file their response to intervenors' amended pleading within the time-frame set forth in Rule 15(a), Federal Rules of Civil Procedure.

If plaintiffs desire to respond to intervenors' amended pleading, they may also file a response within the time-frame set forth in Rule 15(a), Federal Rules of Civil Procedure. If plaintiffs do not respond to intervenors' amended pleading, the court will assume that plaintiffs will not be participating in this phase of the litigation [15] and will terminate plaintiffs as parties, dismissing plaintiffs' Claim Three as moot.

15. The court presumes that once all claims against all parties are resolved in this case, all parties will be involved in motion practice relating to attorney's fees and costs.