**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOEL M. ZELLMER,

              Plaintiff - Appellant,

v.

DOW CONSTANTINE; et al.,

              Defendants - Appellees.

No. 12-35028

D.C. No. 2:10-cv-01288-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Washington state prisoner Joel M. Zellmer appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging excessive force and

deliberate indifference to medical needs during his pretrial detention.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Gibson v. County of*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm in part, reverse in part, and remand.

The district court properly dismissed defendant Constantine because Zellmer failed to show that Constantine had any personal involvement in the alleged violations.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.").

The district court properly granted summary judgment on Zellmer's medical deliberate indifference claim because Zellmer failed to raise a genuine dispute of material fact as to whether he received inadequate care or whether defendants consciously disregarded a substantial risk to his health.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard a "substantial risk of serious harm" to prisoner).

The district court properly granted summary judgment on Zellmer's excessive force claim against all defendants except the officer who applied the handcuffs because Zellmer failed to raise a triable dispute as to whether those defendants knowingly left him in too-tight handcuffs for a prolonged period of

time.  *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." (citation and internal quotation marks omitted)); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (plaintiff is "required to establish that the County had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered[]" (citation omitted)).

However, the district court abused its discretion in denying Zellmer's motion to add as a named defendant the officer who applied the handcuffs, whom Zellmer identified in his declaration as Officer Tomlin.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting standard of review and stating that the policy of favoring amendments to pleadings should be applied with "'extreme liberality'") (citation omitted)).  We therefore direct the district court to allow Zellmer to add Officer Tomlin as a defendant, and we remand for further proceedings.[1]

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[1] The district court may wish to reexamine the medical records attached to Zellmer's response to defendants' motion to dismiss.